UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CREDIT UNION ON-LINE, INC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No: 04-12176 GAO |
| ) | |
| v. ) | |
| ) | |
| OPEN SOLUTIONS, INC., ) | |
| MAGISTRATE JUDGE | |
| Defendant. ) | |

RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

**NOTICE OF REMOVAL**

Defendant Open Solutions Inc. ("Open Solutions"), by and through its undersigned counsel, hereby notifies this Court pursuant to 28 U.S.C. §§ 1441 and 1446 of the removal of the above-captioned civil action from the Superior Court Department in Middlesex County, Commonwealth of Massachusetts, where the action is currently pending. In support of this Notice of Removal, Open Solutions states as follows:

1. On or about September 24, 2004, the plaintiff Credit Union On-Line, Inc. ("Plaintiff") filed the above-captioned lawsuit, Civil Action No. 2004-03776, in the Superior Court Department of Middlesex County, Commonwealth of Massachusetts.

2. On September 27, 2004, Plaintiff served upon Open Solutions a copy of the Complaint in this case. See Summons and Complaint (attached hereto as Exhibit A).

3. Plaintiff's Complaint presents claims over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 insofar as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of

1

different States. In addition, Open Solutions (the sole named defendant) is not a citizen of Massachusetts, the State in which this action has been brought. See 28 U.S.C. § 1441(b); see also Complaint ¶ 2.

4.  Plaintiff is a business organization organized under the laws of Massachusetts, with a principal place of business in Massachusetts. See Complaint ¶ 1; see also Exhibit B (Plaintiff's Annual Report filed with the Massachusetts Secretary of State). Moreover, Open Solutions is a Delaware corporation with a principal place of business in Connecticut. See Complaint ¶ 2. Accordingly, there is complete diversity of citizenship between the parties.

5.  The Complaint also makes clear that the amount in controversy exceeds the sum or value of $75,000. Specifically, the Complaint alleges that Open Solutions has failed to comply with requests for orders in the amount of $54,000. See Complaint ¶ 6. The Complaint further alleges that this conduct amounts to "unfair or deceptive [conduct] within the fair trade protection statutes of Massachusetts and Georgia respectively, as one or both may apply" and seeks "actual" and "multiple" damages for this alleged conduct. See Complaint ¶¶ 32. The Massachusetts deceptive trade practice statute, commonly known as Chapter 93A, authorizes an award of triple damages for the conduct that Plaintiffs' claim to violate the statute. See Mass. Gen. L. ch. 93A, § 11. Georgia's parallel statute, the Georgia Fair Business Practices Act, contains a similar provision. See Ga. Code Ann. § 10-1-399(c). Accordingly, under either law, the Complaint purports to seek at least $162,000 in damages, an amount well in excess of the jurisdictional limit. See F.C.I. Realty Trust v. Aetna Cas. & Sur. Co., 906 F. Supp. 30, 32 n.1 (D. Mass. 1995).

6. Moreover, the Complaint alleges that Open Solutions has breached a contract pursuant to which Open Solutions provides to Plaintiff certain licenses for a computer program entitled "Manager Gold." See Complaint ¶ 8. The Complaint further states that Plaintiff depends on Manager Gold "for virtually all [of its] business and revenue." See Complaint ¶¶ 8, 13. According to the Complaint, that revenue is equal to approximately $4.5 million. See Complaint ¶ 5 (alleging that $6.75 million is equal to 1.5 times the Plaintiff's earnings). Because the Complaint seeks damages for this supposed breach and also seeks declaratory relief regarding the obligations under the Contract regarding Manager Gold, see, e.g., Complaint, Counts II, III, IV & V (¶¶ 17-21, 22-23, 24-26, 27-29), the amount in controversy between the parties is well in excess of $75,000.

7. Pursuant to Rule 81.1(a) of the Local Rules of the United States District Court for the District of Massachusetts, within thirty days of the filing of this Notice of Removal, Open Solutions will supplement this Notice by filing in this Court certified or attested copies of all records and proceedings and all docket entries in the Superior Court Department in Worcester County, Commonwealth of Massachusetts.

8. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders that have been served upon Open Solutions are attached hereto as Exhibits A.

9. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed since it has been filed within thirty (30) days of Open Solution's receipt of the Summons and Complaint in this action.

3

10. Pursuant to 28 U.S.C. § 1446(d), Plaintiff and all other known parties to this action are being provided with written notice of the filing of this Notice of Removal. In addition, a copy of this Notice of Removal is being filed with the Clerk of the Superior Court, Middlesex County, Commonwealth of Massachusetts.

11. By filing this Notice of Removal, Open Solutions does not waive any defense that may be available to it in connection with this matter.

WHEREFORE, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Open Solutions Inc. prays that the above-captioned matter be removed from the Superior Court Department in Middlesex County, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts.

Respectfully submitted,

Daniel J. Cloherty (BBO No. 565772)
Sara E. Noonan (BBO No. 645293)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA 02210-2211
(617) 371-1000

*Attorneys for Open Solutions Inc.*

Dated: October 15, 2004

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail hand on _____

4