TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

........MIDDLESEX........, ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

CREDIT UNION ON-LINE, INC.
..............................., Plaintiff(s)

v.

OPEN SOLUTIONS, INC.
..............................., Defendant(s)

## SUMMONS

To the above-named Defendant: OPEN SOLUTIONS, INC.
300 Winding Brook Drive, Glastonbury, CT 06033-4335

You are hereby summoned and required to serve upon .....David M. Thomas of.........
DONOVAN HATEM LLP ............. plaintiff's attorney, whose address is ...Two Seaport Lane,......
Boston, MA 02210 ..............................., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at ...................................
.....Cambridge............................................... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V DelVecchio ......an Esquire, at ........................................
the ......24....................... day of ...September.........................................
..............., in the year of our Lord ...2004.........

[signature] Edward J Sullivan
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                        SUPERIOR COURT DEPARTMENT
                                                      CIVIL ACTION NO.

CREDIT UNION ON-LINE, INC., )
    Plaintiff, )
)
v. )
)
OPEN SOLUTIONS, INC., )
    Defendant. )

### VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF (WITH JURY DEMAND)

1. Plaintiff Credit Union On-Line, Inc.. ("CUOL" or "plaintiff") is a business organization with a principal place of business at Reservoir Place, 1601 Trapelo Road, Suite 240, Waltham, Middlesex County, MA 02451-7338. CUOL since at least 1994 has been in the business of supplying and supporting computer programs and software, software licenses, and related services to credit unions located in Massachusetts and elsewhere. CUOL is owned in part by several such credit unions. The CUOL software programs, licenses, and systems are crucial to the ongoing operations of CUOL and numerous small to mid-size credit unions who are CUOL customers. CUOL's credit union customers serve approximately 200,000 individual credit union members in Massachusetts and adjacent states.

2. Defendant Open Solutions, Inc., also known as OSI (hereinafter, "Open"), is a business organization with a principal place of business at 300 Winding Brook Drive,

Glastonbury, CT 06033-4335, and with executive offices at 100 Western Boulevard, Glastonbury, CT 06033. Open is a direct competitor of CUOL.

3. CUOL by this action seeks declaratory and other relief as to specified recent acts or threats by Open against CUOL which are damaging the business of CUOL and CUOL's relations with its customers and vendors.

### A. Open's Ongoing Effort To Buy Plaintiff.

4. CUOL's business derives in large part from successful and non-controversial operations of CUOL pursuant to a 1994 agreement ("Agreement") with FiTECH ("FiTech"), a nonparty. Open at all relevant times after 1994 has been a competitor of CUOL. Open, starting in July, 2003, asserts to be the successor in interest to FiTech as to obligations of FiTech to CUOL under the 1994 Agreement, and also purports to have the benefit of FiTech rights or defenses. FiTech was the initial obligor under a written agreement with CUOL as of August 29, 1994 ("1994 Agreement"). FiTech in 2002 assigned its obligations under the 1994 Agreement to a person other than Open. Open contends that that person assigned those obligations to Open in 2003. The exact terms or limitations of any putative 2003 assignment to Open are not known to CUOL. CUOL was not a party to any 2003 assignment and did not consent to it. CUOL presently is without any factual basis to conclude that Open in 2003 obtained a valid assignment of defenses or rights of FiTech.

5. By July, 2004, Open as a competitor of CUOL was very familiar with CUOL and CUOL's business and prospects. Open expressed interest in acquiring CUOL. The principal of Open, Louis Hernandez, specifically mentioned and proposed an acquisition price in the range of

1.5 times earnings, roughly $6.75 million. CUOL, however, is worth far more. CUOL refused or declined to be acquired by Open in July, 2004.

6. Commencing in late July, 2004 and continuing to late September, 2004, Open, without excuse or justification, has persistently delayed and failed to fill license orders placed by CUOL with Open pursuant to the 1994 Agreement. CUOL has paid Open in the aggregate more than $54,000 in cash for those orders. As of September 21, 2004, Open is delaying delivery despite the fact the license materials are overdue and are already paid for and are urgently needed by CUOL and by customers of CUOL.

7. Open after July, 2004 is not filling ordinary CUOL orders in a timely manner, despite payment, in violation of obligations owed to plaintiff under the 1994 Agreement. Open, by ignoring CUOL orders, improperly seeks to punish CUOL for not accepting the offer of acquisition or to create or exert improper economic leverage on CUOL to force acquisition of CUOL on terms acceptable to Open.

8. Open, commencing on August 15, 2004, has declined, failed, or refused to issue software interface programs for the software platform, Manager Gold, used by CUOL and CUOL customers since 1994 pursuant to the Agreement. Open uses and sells a different non-compatible platform. Open is simultaneously asking CUOL to pay Open to continue licensing Manager Gold throughout calendar 2005 for substantial sums to be paid by CUOL. Open, by the 1994 Agreement, is obligated to permit continued use of Manager Gold by licensees even if licensees of CUOL change from it to some other platform. Open, by refusing to supply licenses for Manager Gold and by refusing to confirm that supply, is violating duties owed to plaintiff under the 1994 Agreement. Open is doing so to obtain improper competitive advantage and to

improperly damage CUOL despite the fact that Open agrees CUOL is worth $6.75 million at a minimum.

9. Open, commencing on August 30, 1994, without excuse or justification purports to declare plaintiff in breach of the 1994 Agreement. Open is thereby threatening to deprive CUOL and CUOL customers of services and resources already paid for under the 1994 Agreement including the benefit of valid, existing software licenses ("customer licenses"). The existing CUOL customer licenses include software crucial to the operation of the numerous credit unions who are CUOL customers.

10. Commencing August 30, 1994, Open asserts that CUOL cannot do business with any person who is a customer of Open. There is no such agreement between CUOL and Open. There is no term in the 1994 Agreement limiting the rights of CUOL in any way as to customers of Open. The 1994 Agreement is between CUOL and FiTech. Open is not mentioned. CUOL moreover has justifiably relied on Open to perform the 1994 Agreement after 2003. Open and every predecessor obligor, including FiTech, have received from 1994 through 2004 all fees and consideration due from CUOL. CUOL has done so to assure continuation of the 1994 Agreement and related obligations, licenses, and support. Open is estopped in 2004 to deny its obligations under that Agreement.

11. Commencing August 30, 2004, Open purported to complain to CUOL about a customer located in San Francisco. That customer in May, 2004 had sought out CUOL and asked to do business with CUOL. Open knew about that customer by May, 2004 if not sooner. Open only after July, 2004 vigorously and unduly protests about the San Francisco customer.

Those protests are contrived or pretextual given the practice and relations of the parties prior to July, 2004.

## B.   Threats of Irreparable Injury To Plaintiff.

12. If Open continues to delay or refuse delivery of materials under the 1994 Agreement or if Open purports to withdraw customer licenses under the 1994 Agreement, such conduct will irreparably damage the business and reputation of CUOL and will cause irreparable injury to the business and livelihood of CUOL credit union customers in Massachusetts and elsewhere.

13. CUOL and its customers presently depend on Manager Gold and related support, services, and licenses for virtually all CUOL business and revenue. That reliance has been ongoing and justified since 1994. CUOL in furtherance of that reliance from 1994 through the present has paid FiTech or its lawful successor, e.g., Liberty (a nonparty here), substantial fees pursuant to the 1994 Agreement. The 1994 Agreement and continuation of services under that Agreement affect at least twenty-five credit unions operating in New England. Those credit unions in turn serve at least or approximately 200,000 individual credit union members or customers.

14. If Open declares breach and discontinues performance of the 1994 Agreement or is allowed to purport to declare customer licenses invalid, CUOL will be irreparably injured. The same is true for all CUOL credit union customers in Massachusetts and in other states and for the individual members of such credit unions. CUOL accordingly here requests a temporary restraining order so that the *status quo* can be maintained until controversies between Open and CUOL are resolved.

### COUNT I (Temporary Restraining Order and Preliminary Injunction).

15. Plaintiff repeats and incorporates the allegations of the foregoing paragraphs.

16. CUOL requests, without the requirement of a bond and until further Order of this Court, a temporary restraining order, preliminary injunction, and related relief, including a permanent injunction, that Open and all persons acting in concert with Open (i) are prohibited until further Order from any act not to perform or refusal to perform obligations under the 1994 Agreement as to CUOL and customers of CUOL, (ii) that Open shall not change or alter the manner or terms of Open performance of the 1994 Agreement in ordinary course, and (iii) that Open not refuse to deliver or withhold from CUOL or CUOL customers any software, services, license, or capabilities of the kind or type delivered by Open to CUOL and its customers prior to July 1, 2004 in ordinary course.

### COUNT II (Breach Of Contract).

17. Plaintiff repeats and incorporates the allegations of the foregoing paragraphs.

18. Commencing by and after July 31, 2004, Open is taking steps to limit the availability of the software program known as Manager Gold to CUOL and CUOL customers. CUOL has paid Manager Gold pursuant to the 1994 Agreement from 1994 through September, 2004 for licenses, programming fees, related Unisys main-frame licenses and maintenance, license maintenance, and a per-member fee, pursuant to the 1994 Agreement.

19. . If the services, support, and licenses for Manager Gold by Open are changed or refused or if Manager Gold will no longer be sold by Open, Open is and will be in breach of the 1994 Agreement. Refusal of products and services by Open deprives CUOL of the core or

essential component or value of the 1994 Agreement. That ongoing value has been paid for by CUOL from and after 1994 in good faith pursuant to the 1994 Agreement.

20. Communications and acts by Open after July 31, 2004 as to limitation of or refusal of support or services to or for Manager Gold have directly and adversely impacted CUOL sales and marketing efforts. The same communications and acts by Open have interfered with and delayed efforts by CUOL to plan for 2005 operations and to contract with 2005 computer support vendors and other suppliers.

21. CUOL on or about August 15, 2004 gave written notice to Open of the ongoing Open violations of obligations. Open has not timely cured the violations. Open is obligated under the 1994 Agreement to cure violations of the 1994 Agreement within ten days, or not later than August 25, 2004. Open failed to do so despite written notice. Unless and until Open performs as required under the 1994 Agreement, Open is in breach of the 1994 Agreement and is liable to plaintiff for actual damages, injunctive relief, and other relief as is proper.

## COUNT III (Declaratory Judgment).

22. Plaintiff repeats and incorporates the allegations of the foregoing paragraphs.

23. By reason of the foregoing, justiciable controversies have arisen between plaintiff and Open. Those controversies are appropriate for judicial resolution and determinations as to the rights and obligations of each of the parties under the 1994 Agreement or otherwise and as to rights and obligations of the parties going forward. Plaintiff requests declaratory and other relief as to the following controversies or issues: (i) whether Open owns or is entitled to assert any rights of the obligor, FiTech, against CUOL under the 1994 Agreement; (ii) whether Open is obligated by the 1994 Agreement and by justified reliance of CUOL until further Order to

support and service the Manager Gold software platform in the ordinary course for benefit of CUOL and its customers; (iii) whether Open is obligated by prior practice to permit under the 1994 Agreement case-by-case exceptions to geographic limitations and to otherwise perform as FiTech performed; and (iv) such other and further declarations as are proper.

### COUNTS IV, V (Interference With Contractual And Advantageous Relations).

24. Plaintiff repeats and incorporates the allegations of the foregoing paragraphs.

25. By reason of the foregoing, Open has acted improperly and in violation of obligations to CUOL to deprive CUOL of the benefits of the 1994 Agreement as to which Open asserts to be a party. Open is thereby depriving CUOL of the benefit of substantial economic reliance, including fees paid to obligors under the 1994 Agreement. Any change or changes in performance by Open in 2004 are without excuse or justification, and are conducted for improper purposes and by improper means. Those changes have interfered with and will, until ended, continue to interfere with the advantageous and contractual relations of CUOL with CUOL customers and vendors, including vendors necessary for ongoing support of existing CUOL customers.

26. Open is liable to plaintiff and is thereby liable for actual damages and injunctive relief.

### COUNT VI (Good Faith And Fair Dealing).

27. Plaintiff repeats and incorporates the allegations of the foregoing paragraphs.

28. Open is in violation of the covenant of good faith and fair dealing implied in every contract in Massachusetts, including the 1994 Agreement, if and to the extent Open asserts that it is a successor of FiTech, the obligor under that Agreement.

29. Open is liable to plaintiff for substantial actual damages, plus other relief.

### COUNT VII (Unfair Or Deceptive Trade Practices).

30. Plaintiff repeats and incorporates the allegations of the foregoing paragraphs.

31. At all relevant times CUOL and Open have been engaged in trade or commerce. The 1994 Agreement is governed by Georgia law. CUOL operates primarily in Massachusetts. Open's misconduct directly injures CUOL in Massachusetts and elsewhere.

32. The described acts, omissions, and threats by Open in and after July, 2004 are unfair or deceptive within the fair trade protection statutes of Massachusetts and Georgia, respectively, as one or both may apply. The same facts are actionable under trade protection statutes, or if applicable, of Connecticut.

33. Open is liable to CUOL for all damages available under the state trade statutory schemes prohibiting unfair or deceptive acts in trade or commerce.

34. Open is liable to plaintiff for actual damages, multiple damages, and attorneys' fees, plus other relief as appropriate.

### COUNT VIII (Unfair Competition).

35. Plaintiff repeats and incorporates the allegations of the foregoing paragraphs.

36. By reason of the foregoing, Open is liable to CUOL for unfair competition, including wrongful acts or refusals to act (together "acts") designed to obtain improper economic advantage or economically injure CUOL for strategic purposes, or to impair CUOL and others from engaging in the free conduct of commerce. Open without justification has acted to improperly restrict CUOL and other persons in the fair conduct of business in accordance with free and informed judgment.

37. Open is liable to plaintiff and is thereby liable for actual damages, injunctive relief, and other relief as is proper.

## JURY DEMAND.

*Plaintiff hereby requests jury trial of all issues and claims so triable.*

## REQUEST FOR RELIEF.

WHEREFORE, CUOL requests:

1. Entry of judgment for all monetary damages, plus interest, costs, and other relief as appropriate, including attorneys' fees to the full extent permitted; and

2. Entry of a temporary restraining order, preliminary injunction, and other equitable relief, plus other relief as appropriate.

## VERIFICATION

*Constance D. Boretti hereby verifies that she is the President and CEO of plaintiff Credit Union On-Line, Inc.; that she has read the within Verified Complaint as to the factual allegations therein; and is personally familiar with the matters alleged except for those matters stated on information and those she believes to be true based on documents and information available to her; and that she is authorized on behalf of CUOL to execute this Verification.*

*SWORN TO under the pains and penalties of perjury.*

CREDIT UNION ONLINE, INC.

Dated: September 24, 2004   By: _____
Constance D. Boretti
President and Chief Executive Officer


Plaintiff,
CREDIT UNION ONLINE, INC.
By its attorneys,

_____
David M. Thomas, BBO No. 496400
Paul G. Boylan, BBO No. 052320
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
617-406-4500

Dated: Sept 24 2004

24805.0//00862583.

- 11 -