UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
CREDIT UNION ON-LINE, INC,              )
                                        )
            Plaintiff,                  )
                                        )      Civil Action No: 04-12176 GAO
     v.                                 )
                                        )
OPEN SOLUTIONS INC.,                    )
                                        )
            Defendant.                  )
_____)

**DEFENDANT OPEN SOLUTIONS' MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS THE VERIFIED COMPLAINT
OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

In this case, Plaintiff Credit Union On-Line, Inc. ("Plaintiff") has asserted a variety of claims against Defendant Open Solutions Inc. ("Open Solutions" or "Defendant"). Plaintiff's Verified Complaint (the "Complaint") is meandering, inconsistent and contradictory, and fails to meet the requisite standard of pleading required by law. Accordingly, the Complaint should be summarily dismissed.

The fatal flaw of the Plaintiff's Complaint is that it appears to assert that Open Solutions has breached certain unspecified obligations under a contract that is governed by Georgia law. At the same time, the Complaint seems to allege that Open Solutions is not a party to that very same contract. By failing to allege with any specificity the contractual provisions that are supposedly at issue in this case, the Complaint fails to satisfy the basic pleading requirements that the First Circuit requires for contract-based causes of action. Under these circumstances, the Plaintiff's claims for relief—all of which appear to be based upon the Complaint's murky assertions of a supposed

1

contractual breach—cannot survive. In the alternative, this Court should order the Plaintiff to submit a More Definite Statement clarifying its allegations, so that the Defendant can properly respond to the allegations in the Complaint.

## I

## **FACTUAL BACKGROUND**

According to the Complaint, Plaintiff is a Massachusetts-based corporation that is in the business of supplying and supporting computer programs and software licenses to credit unions. See Complaint ¶ 1. Open Solutions is a Delaware corporation based in Connecticut that is allegedly a competitor of Plaintiff. Id. ¶¶ 2, 4.

In August 1994, Plaintiff executed an agreement (the "1994 Agreement") with an entity named FiTECH. Id. ¶ 4. The Complaint does not attach a copy of the 1994 Agreement, nor does it ever specify any of the 1994 Agreement's terms. Instead, the Complaint simply refers repeatedly to the "rights and defenses" and "obligations" created by that Agreement, without ever clarifying what those "rights," "defenses" or "obligations" actually are. See, e.g., id. ¶¶ 4, 7, 10, 16, 23, 25. At most, the Complaint alleges that the obligations created under the agreement involve a requirement that Plaintiff be provided with certain software licenses. Id. ¶¶ 6, 8-9.

According to the Complaint, sometime in 2002, FiTECH assigned its obligations under the 1994 Agreement to another "person." Id. Plaintiff, however, claims to have "no factual basis" to conclude that FiTECH's rights and obligations under the 1994 Agreement have ever been assigned to Open Solutions. Id. Indeed, at another point in the Complaint, Plaintiff alleges that the 1994 Agreement does not even involve Open

2

Solutions. Id. ¶ 10. ("The Agreement is between [Plaintiff] and FiTECH. Open is not mentioned.")

Despite these vague and confusing allegations, the Complaint proceeds to assert that Open Solutions has somehow breached certain "obligations" under the 1994 Agreement. see e.g., Id. ¶ 7. Among other things, the Complaint seems to allege that Open Solutions' has failed to fill Plaintiff's orders and has refused to provide certain licenses. Id. ¶¶ 7-8. The Complaint also mentions Open Solutions' assertion that Plaintiff itself has breached the 1994 Agreement by improperly soliciting one of Open Solutions' customers. Id. ¶¶ 9-11.

Plaintiff filed the Complaint on September 24, 2004, in Middlesex County Superior Court. The Complaint purports to contain eight separate causes of action[1], all of which appear to be based upon Open Solutions' supposed breach of the 1994 Agreement.

On October 15, 2004, Defendant Open Solutions filed a Notice of Removal removing the case to this Court. Defendant has now filed this Motion to Dismiss, along with a concurrent Motion to Dismiss for Improper Venue, or in the Alternative to Transfer, which seeks, inter alia, a transfer of this action to the United States District Court for the Northern District of Georgia.

---

[1] The claims alleged in the Complaint are Count I (Temporary Restraining Order and Preliminary Injunction); Count II (Breach of Contract); Count III (Declaratory Judgment); Counts IV and V (Interference with Contractual and Advantageous Relations): Count VI (Good Faith and Fair Dealing); Count VII (Unfair or Deceptive Trade Practices); and Count VIII (Unfair Competition).

3

II

## LEGAL STANDARD

On a motion to dismiss, this Court must accept the factual allegations in the Complaint as true and make all reasonable inferences in favor of the plaintiff. See Watterson, 987 F.2d at 3. General allegations, however, must "be supported by a specific factual basis." See Tingley Systems, Inc. v. CSC Consulting, Inc., 152 F. Supp. 2d 95, 104 (D. Mass. 2001) (quoting Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (Fed. Cir. 1990)). While "'great specificity is ordinarily not required,' it is necessary to allege facts sufficient to support 'each material element of the underlying legal theory.'" See Tingley, 152 F. Supp. 2d at 104 (citations omitted).

III

## ARGUMENT

### A.   The Breach of Contract Claim is Insufficient

Count II[2] of the Complaint attempts to assert a breach of contract claim against Open Solutions. In order for a claim for breach of contract to withstand a motion to dismiss, a plaintiff must plead, inter alia, "that the parties had an agreement supported by valid consideration." See Doyle v. Hasbro, 103 F.3d 186, 194 (1st Cir. 1996) (citing Singarella v. City of Boston, 342 Mass. 385, 173 N.E.2d 290, 291 (1961) and Petricca v. Simpson, 862 F. Supp. 13, 17 (D. Mass. 1994)). Moreover, "it is essential to state with

---

[2] Count I of the complaint purports to assert a claim for a temporary restraining order or a preliminary injunction. See Complaint ¶¶ 15-16. But those are not distinct causes of action to which a response is required under Rule 12. Rather, they appear to be assertions regarding relief that would require Plaintiff to file a motion under Rule 65. See Fed. R. Civ. P. 65. Because Plaintiff has filed no motion seeking either a TRO or a preliminary injunction, Defendant need not respond to the allegations set forth in Count I. Regardless, the bases for dismissal set forth herein with respect to Counts II through VIII make clear that Plaintiff has no basis to obtain any preliminary injunctive relief.

4

'substantial certainty' the facts showing the existence of the contract and the legal effect thereof." Doyle, 103 F.3d at 194-95 (quoting Pollack v. New England Tel. & Tel. Co., 289 Mass. 255, 194 N.E.2d 133, 136 (1935)); see also Williams v. Astra USA, 68 F. Supp. 29, 37 (D. Mass. 1999). As explained below, the claim set forth in Count II of the Complaint falls well short of this basic standard.

        1.        **The Complaint Does Not Allege The Existence of a Contract Between the Parties**

As an initial matter, it is unclear from the face of the Complaint whether the Plaintiff is even alleging that a contract exists between the parties. While the Complaint is replete with references to the 1994 Agreement, its allegations about the parties to that Agreement are inconsistent and conflicting. For example, although the Complaint appears to complain about Open Solutions' supposed violations of unspecified obligations under the 1994 Agreement, it also alleges that Plaintiff "is without factual basis" to conclude that Open Solutions is a party to that Agreement. See Complaint ¶ 4. Elsewhere it alleges that "[t]he 1994 Agreement is between [Plaintiff] and FiTECH. Open is not mentioned." Id. ¶ 10. These inconsistent and confusing allegations have been incorporated by reference directly into Plaintiff's breach of contract claim. Id. ¶ 17.

Rule 8 of the Federal Rules of Civil Procedure requires that a Complaint include a "short and plain statement" of each claim showing that the pleader is entitled to the relief requested. See Fed. R. Civ. P. 8. In a breach of contract claim, this requires only that the Plaintiff allege clearly and simply the facts showing "with substantial certainty" that a contract existed between the parties. See Doyle, 103 F.3d at 194-85; cf. Williams, 68 F. Supp. 2d at 37. The breach of contract claim here falls well short of this lenient standard. Indeed, it is unclear from the Complaint whether the Plaintiff contends that there is *any*

5

enforceable contract between the two parties.  See Complaint ¶¶ 4, 10.  For that reason alone, the breach of contract claim cannot survive.  See Doyle, 103 F.3d at 194-95.

### 2. The Complaint Fails to Allege Any Specifics About the Terms of the Supposed Contract

Of course, even if the Complaint did properly allege that Open Solutions was a party to the 1994 Agreement, the Plaintiff's contract claim could not survive.  The Complaint is replete with broad, sweeping allegations about various "obligations" and "duties" owed under the 1994 Agreement that have supposedly been breached by the Defendant (see, e.g., Complaint ¶¶ 4, 7, 10, 16), but it provides no specifics about the terms of those "obligations" or "duties."  Without any allegations setting forth the supposed contractual obligations that are the subject of the Plaintiff's claim, the breach of contract claim cannot survive.  See Doyle, 103 F.3d at 195; Williams, 68 F. Supp. 2d at 37.

In Doyle, supra, the First Circuit affirmed the dismissal of a breach of contract claim where the complaint at issue "fail[ed] to state the nature of the alleged contract with any specificity."  See Doyle, 103 F.3d at 194-95.  The complaint at issue in that case failed to set forth the terms of the alleged contract.  Id. at 195.  Specifically, the complaint did not "explain what obligations were imposed on each of the parties by the alleged contract."  Id. at 195 (emphasis added).  Instead, it included only "conclusory statements that '[Defendant] and its executives failed to meet their contractual requirement[s].'"  Id. (emphasis added).  In affirming the district court's dismissal of the claim, the First Circuit explained that such broad and unspecific allegations were insufficient to satisfy the pleading requirements for a breach of contract claim.  Id.

Like the breach of contract claim at issue in Doyle, the breach of contract claim in this case fails to provide *any* specificity regarding the particular obligations of the parties

6

to the contract. A copy of the contract is not attached to the Complaint. And the Complaint is devoid of any allegations describing the particular obligations in the Contract that Open Solutions supposedly breached. Instead, just as in Doyle, the Complaint is replete with conclusory allegations about "obligations" that were "imposed on each of the parties by the alleged contract." Doyle, 103 F.3d at 195. The Complaint even references "the core or essential component or value of the 1994 Agreement," without explaining what that "component or value" was. Id. ¶ 19. Under Doyle, these broad and unspecified allegations are insufficient, and Count II of the Complaint must accordingly be dismissed. Doyle, 103 F.3d at 195; see also Williams, 68 F. Supp. 2d at 37 (dismissing breach of contract claim for failure to state a claim where the "complaint [gave] no explanation of the obligations created by the alleged contract.").

> **B.  Counts III, IV, V and VI Are Dependent on Plaintiff's Flawed Contract Claim and Should Accordingly Be Dismissed**

The basic pleading deficiencies in Plaintiff's breach of contract claim necessarily infect the other claims for relief asserted in the Complaint. For example, the Declaratory Judgment claim in Count III appears to be seeking resolution about the parties' "rights and obligations" under the 1994 Agreement. See Complaint ¶ 23. But, as explained above, it is unclear from the face of the Complaint what specific "rights and obligations" are even at issue in this case. Accordingly, that claim should be summarily dismissed. Cf. Doyle, 103 F.3d at 194-95.

Similarly, Counts IV and V (which purport to assert claims for interference with contractual and advantageous relations) are based upon a supposed "violation" of some unspecified "obligations" to the Plaintiff under the 1994 Agreement. See Complaint ¶ 25. By failing to explain what those obligations actually are, the Complaint leaves the

Defendant to speculate on the precise nature of these claims. Under Doyle, these allegations are plainly insufficient.[3]

And Count VI, which asserts a claim for a supposed breach of the covenant of good faith and fair dealing, incorporates by reference the prior allegations that Open is not a party to the 1994 Agreement. But there can be no "covenant of good faith and fair dealing" if (as the Plaintiff appears to allege) there is no contract between the Parties. See Levenson v. LMI Realty Co., 575 N.E.2d 370, 372 (Mass. App. 1991); see also MetroWest Medical Group, Inc. v. Mount Auburn Hosp., 1994 WL 902895, *5 (Mass. Super. (Dec. 14, 1994)). Accordingly, this claim must also be dismissed.

### C. Plaintiff's Unfair Trade Practices Claim is Invalid

Like Plaintiff's other claims for relief, its claim in Count VII that Open Solutions has somehow violated the unfair trade practices statutes of Massachusetts and/or Georgia is rooted in its apparent assertion that Open Solution has somehow breached the 1994 Agreement. See, e.g., Complaint ¶ 30 (incorporating prior allegations); ¶ 31 (referencing the 1994 Agreement). But Count VII adds no new specifics to the Complaint's other allegations regarding the 1994 Agreement. It remains unclear whether Plaintiff is alleging that Open Solutions is a party to that Agreement, and, if so, what obligations it has failed to satisfy. For that reason alone, Count VII cannot survive. Cf. Wadja v. R.J. Reynolds Tobacco Co., 103 F. Supp. 2d 29, 37 (D. Mass. 2000) (dismissing Chapter 93A claim where claim was based on a separate count that was insufficiently plead).

---

[3] Counts IV and V also fail to contain any allegations about the supposed "contractual" and "advantageous" relationships with which Defendant has supposedly interfered. Without any allegations explaining specifics about those relationships, these claims for relief cannot survive.

8

Moreover, under both Massachusetts and Georgia law, an alleged breach of contract does not constitute an unfair or deceptive trade practice.  See Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 100-01, 390 N.E.2d 243, 251 (1979) (holding that allegation that "the defendants . . . have violated the terms of a commercial agreement . . . [is] not sufficient to support a claim under c. 93A."); Gross v. Ideal Pool Corporation, 181 Ga. App. 483, 485, 352 S.E.2d 806, 808 (1987) (holding that a "plain breach of contract case" was not actionable under the Georgia Fair Business Practices Act); Pepsi-Cola Metropolitan Bottling Co., Inc. v. Checkers, Inc., 754 F.2d 10, 18 (1st Cir. 1985) (affirming dismissal of Chapter 93A count for mere breach of contract).[4]  A review of Count VII makes clear that, at best, the Plaintiff has attempted to allege (*albeit* insufficiently) nothing more than a breach of contract by the defendants.  See Complaint ¶¶ 30 – 34.  Such allegations are insufficient to state a claim under Chapter 93A as a matter of either Massachusetts or Georgia law.

### D. The Unfair Competition Claim Should Be Dismissed

Finally, the so-called "unfair competition" claim set forth in Count VIII of the Complaint should be rejected.  This count appears to assert a common law claim of "unfair competition" based upon the same supposed "wrongful acts" that are vaguely alluded to elsewhere in the Complaint.  See Complaint ¶ 36.  But as the First Circuit has repeatedly recognized, a common law claim for "unfair competition" is designed to address instances involving so called "palming off"—i.e. instances where a defendant has attempted to induce customers into believing that its products are actually those of

---

[4] This rule also applies to situations in which a defendant has been accused of a failure to perform or of rendering poor performance on a contract.  See, e.g., Mechanics Nat. Bank of Worcester v. Killeen, 377 Mass. 100, 108-09, 384 N.E.2d 1231, 1237 (1979) (failure to perform does not state a claim).

another.  See Open Software Foundation v. United States Fidelity & Guaranty Co., 307 F.3d 11, 17 (1st Cir. 2002); Kazmaier v. Wooten, 761 F.2d 46, 52 (1st Cir. 1985); see also Smartfoods, Inc. v. Northbrook Prop. & Cas. Co., 35 Mass. App. Ct. 239, 618 N.E.2d 1365, 1368 (1993) ("Unfair competition, in its common law signification, implies palming off.").

The Complaint in this case contains no allegations that in suggest in any way that Open Solutions has ever "palmed off" its products as products of the Plaintiff.  Nor is there any suggestion that Open Solutions has taken any steps to generate any confusion in the market regarding Plaintiff's products.  Accordingly, Count VIII should be dismissed.

### E. In the Alternative, Plaintiff Should Be Required to Submit a More Definite Statement

Finally, in the event that this Court declines to grant the Defendant's Motion to Dismiss, Defendant's respectfully move in the alternative for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.  As explained above, the Complaint in this case is so vague and ambiguous that Open Solutions "cannot reasonably be required to frame a responsive pleading."  See Fed. R. Civ. P. 12(e). Specifically, as explained above, the Complaint fails to allege with any specificity the particular duties or obligations that the Defendant has supposedly breached.  For that reason alone, a more definite statement is required.  See Fennell v. Svenska Amerika Linien A/B, 23 F.R.D. 116, 117 (D. Mass. 1958).

## IV

## CONCLUSION

For the foregoing reasons, Defendant Open Solutions respectfully requests that this Court grant its Motion to Dismiss the Verified Complaint.  In the alternative, Defendant respectfully request that this Court Order the Defendant to submit a More Definite Statement in Support of the Complaint.

Respectfully submitted,

/s/
Daniel J. Cloherty (BBO No. 565772)
Sara E. Noonan (BBO No. 645293)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA 02210-2211
(617) 371-1000

*Attorneys for Open Solutions Inc.*

Dated: October 22, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document
was served upon the attorney of record for each other party
by electronic filing on October 22, 2004.

/s/
Daniel J. Cloherty