UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CREDIT UNION ON-LINE, INC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No: 04-12176-GAO |
| v. ) | |
| ) | |
| OPEN SOLUTIONS INC., ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT OPEN SOLUTIONS INC.'S COMBINED REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTIONS TO DISMISS

When a plaintiff files a lawsuit arises alleging a breach of a contract, it is incumbent upon that plaintiff to identify the particular contract that is at issue. Here, more than three months after Plaintiff Credit Union On-Line ("CUOL") filed its lawsuit asserting contract-based claims, that basic fact is still very much up in the air. In one breath, CUOL contends that its claims against Open Solutions Inc. ("Open Solutions") arise out of obligations that Open Solutions owes Plaintiff pursuant to a 1994 Agreement ("the 1994 Agreement"). See, e.g., Complaint ¶ 8. In its next breath, CUOL states that it need not comply with any obligations under that same Agreement because Open Solutions is *not* a party to that Agreement. See, e.g., Complaint ¶ 10.

Faced with these contradictory and confusing allegations, Open Solutions moved to dismiss the Complaint pursuant to Rule 12(b)(6), arguing that the Complaint failed to allege properly the existence of a contract between the parties, as required by controlling First Circuit precedent. See Doyle v. Hasbro, 103 F.3d 186, 194 (1st Cir. 1996). In the alternative, Open Solutions moved for a more definite statement pursuant to Rule 12(e).

Open Solutions further moved to dismiss the action for improper venue, or in the alternative, to transfer this action to the Northern District of Georgia.

In response to these Motions, CUOL has filed documents that serve only to confuse further the basic question regarding the nature of CUOL's claims about the contractual arrangement between the two parties. Specifically, while CUOL's Opposition appears to argue that CUOL's claims relate "to services due under that [1994] Agreement" (see Plaintiff's Opposition at 2-3), CUOL has simultaneously filed an affidavit by CUOL's President and Chief Executive Officer Constance D. Boretti stating unequivocally that Plaintiff "does not agree that the 1994 text [of the Agreement] was validly assigned to Open." See Affidavit of Constance D. Boretti at ¶ 6 ("Boretti Affidavit"). Indeed, contrary to at least some of the positions taken by CUOL in both its Verified Complaint *and* the first section of its Opposition, Ms. Boretti (who previously verified the Complaint) now suggests that Open Solutions' purported obligations to CUOL arise out of some new, separate oral agreement which apparently has *different* terms than the Agreement cited in the Complaint. See id. at ¶ 8.

It is not up to either Open Solutions or this Court to determine which of Plaintiff's inconsistent factual allegations forms the basis for its lawsuit. Rather, the only appropriate solution is to dismiss this lawsuit in its entirety due to CUOL's utter failure to articulate a factual basis for its contract-based claims. Alternatively, this Court should transfer this action to the Northern District of Georgia, the jurisdiction previously selected by these parties for the resolution of any dispute.

A.  **The Complaint Should Be Dismissed under Rule 12(b)(6) for Failure to State a Claim on Which Relief May be Granted**

Open Solutions' Memorandum in Support of its Motion to Dismiss (the "Memorandum") focused almost entirely upon the Complaint's failure to state a claim for relief under Rule 12(b)(6). See Memorandum at 2-10. Specifically, the Memorandum explained that CUOL's complaint fails to satisfy the basic pleading standards for contract-based actions set forth in Doyle v. Hasbro, 103 F.3d 186, 194 (1st Cir. 1996). See Memorandum at 5-7. The Memorandum further explained that the other counts in the Complaint were dependent upon CUOL's flawed contract claim (see Memorandum at 7-8) and that the Plaintiffs' other claims for relief under Chapter 93A and for "unfair competition" were invalid as a matter of law. See id. at 8-10.

Curiously, CUOL's Opposition to the Motion to Dismiss does not address *any* of these 12(b)(6) arguments.[1] Instead, it focuses exclusively on the Open Solutions' alternative request under Rule 12(e) for a more definite statement. See Opposition at 1-4. Nowhere in its Opposition does CUOL address the First Circuit's decision in Doyle, which is directly on point here. See Memorandum at 6-7 (explaining that Doyle affirmed dismissal of a contract action where the complaint "fail[ed] to state the nature of the alleged contract with any specificity") (quoting Doyle, 103 F.3d at 194-95). Nor does CUOL make *any* argument explaining why its various other claims for relief should not be dismissed as a matter of law. For that reason alone, the Motion to Dismiss should be granted.

---

[1] In an aside that appears to be an oblique attempt to address Open Solutions' 12(b)(6) arguments, CUOL complains that "cases can always be found identifying when this or that cause of action is not stated." See Opposition at 13. In response, Open Solutions submits that when such cases *are* found (and are controlling precedent, like Doyle), dismissal is required.

3

Of course, even if CUOL's Opposition were somehow construed to be a response to Open Solutions' 12(b)(6) Motion, it fails to explain how the Complaint actually states a claim for relief. To survive a motion to dismiss, a plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Cooperman v. Individual Inc., 171 F.3d 43, 47 (1st Cir. 1999) (citations and internal quotation marks omitted). While this standard for adequately articulating a cause of action is minimal, "minimal requirements are not tantamount to nonexistent requirements." Id.

CUOL's Opposition ignores the pleading inconsistencies in the Complaint, and argues instead that Open Solutions "has regularly shipped computer[s]and software to [Plaintiff] pursuant to Open's obligations under a written August 19, 1994 Agreement" and that its "claim for breach of contract, Count II, relates to services due under that Agreement" as does its claim for breach of the duty of good faith and fair dealing. See Plaintiff's Opposition at 2-3. But while this initially appears to be an argument that CUOL has sued Open Solutions for breaching still-unspecified obligations under the 1994 Agreement, the Opposition proceeds to claim that Open Solutions is not, in fact, a party to the 1994 Agreement and that Open Solutions was never validly assigned any rights or obligations under that Agreement. See id. at 7 ("Open is not a party to the 1994 agreement, or an original assignee"); id. at 11 (listing as a disputed factual issue "whether there is any present valid assignment of the FiTech 1994 Agreement in writing in favor of Open"). Indeed, in her affidavit, Ms. Boretti states that she "does not agree that the 1994 text was validly assigned to Open." See Boretti Aff. ¶ 6. In other words, CUOL

affirmatively takes the position that Open Solutions is not a party to the very contract that it claims forms the basis of this lawsuit.

CUOL's inconsistent positions do not stop there. Apparently recognizing that the existence of a contract is essential to maintaining this lawsuit, Ms. Boretti goes on to suggest to this Court that the causes of action asserted in the Complaint actually arise from breaches of an alleged oral "support agreement"—an agreement that Ms. Boretti implies is separate and distinct from the 1994 Agreement discussed in the Complaint. See Boretti Aff. ¶ 8. But this supposed oral contract between the parties is not mentioned anywhere in the Complaint (which Ms. Boretti also verified under oath), nor is it otherwise discussed in Plaintiff's Opposition. Thus, the Boretti Affidavit, in combination with the diametrically opposed positions taken in CUOL's Opposition, serves only to exacerbate the confusion wrought by the factually inconsistent allegations originally made in the Verified Complaint.

Regardless, even if this Court were inclined to read the Boretti Affidavit as an attempt to cure the patently deficient Complaint, the Affidavit still fails to specify which duty Open Solutions allegedly had and supposedly breached. Compare Boretti Aff. at ¶ 8 with Doyle v. Hasbro, Inc., 103 F.3d 186, 195 (1st Cir. 1996) ("Conclusory statements that [defendants] failed to meet their contractual requirements are insufficient to satisfy the pleading requirements" of a claim for breach of contract) (internal quotation marks and citations omitted). For all of the foregoing reasons, as well as the reasons set forth in Open Solutions' initial Memorandum, CUOL's Complaint should be summarily dismissed.

**B.     In the Alternative, This Case Should Be Transferred to the United States District Court for the Northern District of Georgia**

CUOL's motive for maintaining ambiguity about its supposed contract claims is painfully clear: CUOL is hoping to avoid a transfer of this action to the parties' agreed-upon forum for the resolution of any disputes: Atlanta, Georgia. As explained in Open Solutions' Memorandum of Law in Support of its Motion for Dismissal or Transfer (the "Transfer Memorandum"), where a case is filed in an improper venue, a district court may either dismiss the case outright or may, in lieu of dismissal and "in the interests of justice," transfer that case "to any district or division in which it could have been brought." See 28 U.S.C. § 1406(a). In addition, any civil action may be transferred "to any other district or division where it might have been brought," even if the plaintiff's choice of venue was proper, where such a transfer would serve both "the interests of justice" and the "convenience of parties and witnesses." See 28 U.S.C. § 1404(a).

Dismissal for improper venue or a transfer to the Northern District of Georgia is appropriate here. The 1994 Agreement was executed in Georgia, and Georgia law applies to its terms. See Transfer Memorandum at Exhibit A ¶ 5.4, Exhibit D ¶ 4. Moreover, as indicated in the Affidavit of Open Solutions employee Mark Roberson (the "Roberson Affidavit"), Open Solutions currently owns and runs its FiTECH division out of Atlanta, Georgia. See Roberson Affidavit ¶¶ 1, 8. It is this division that is responsible for overseeing the manufacturing and shipping CUOL's orders. Id. ¶ 5. Open Solutions maintains all of the same Atlanta-based services that FiTECH provided Plaintiff before it became a division of Open Solutions, including technical support, consulting services, and training. Id. ¶¶ 5-7. Most of the current and former employees of FiTECH and/or Open Solutions' FiTECH division who can shed light on the course of dealings between

the two parties reside in Georgia. Id. ¶ 9. Plaintiff's employees have traveled to Atlanta numerous times to obtain the benefits of its business relationship with Open Solutions. Id. ¶ 7.

Moreover, the interests of justice militate against permitting Plaintiff to continue to press its lawsuit in this District. In the Transfer Memorandum, Open Solutions explained that a transfer in this case would serve the public interest in encouraging amicable resolution of disputes and preventing forum shopping in light of CUOL's documented litigation-by-ambush strategy. See Transfer Memo at 10-12 & Exhibits C-D. Indeed, CUOL's forum-shopping efforts in this case cut against the traditional deference provided to a plaintiff's choice of forum. See Symbol Technologies, Inc. v. Quantum Associates, Inc., 2002 WL 225934 at *3 "(D. Mass., Jan. 30, 2002); Davox Corp. v. Digital Sys. Int'l, Inc., 846 F. Supp. 144, 148 (D. Mass. 1993).

CUOL's Opposition "objects" to this argument (see Opposition at 13 n.2), but fails to offer any evidence or argument to counter the fact that CUOL lulled Open Solutions into believing that it wanted to resolve this dispute amicably, while it was actually preparing to file this pre-emptive lawsuit. See Transfer Memorandum at Exhibit D. CUOL should not be allowed to invoke this Court's jurisdiction through such tactics. Accordingly, to the extent that the Court determines not to dismiss Plaintiff's Verified Complaint outright for either a failure to state a claim or for improper venue, Open Solutions respectfully requests that this matter be transferred to the United States District Court for the District of Georgia.

## CONCLUSION

For all the foregoing reasons, as well as those set forth in Open Solutions' opening memoranda, Open Solutions respectfully requests that this Court grant its Motion to Dismiss the Amended Complaint, or in the Alternative, for a More Definite Statement. Open Solutions further requests that this Court grant its Motion to Dismiss or Transfer for Improper Venue and enter an Order dismissing this action or, alternatively, transferring this case to the U.S. District Court for the Northern District of Georgia.

Respectfully submitted,

/s/   Daniel J. Cloherty
Daniel J. Cloherty (BBO #565772)
Sara E. Noonan (BBO #645293)
Dwyer & Collora, LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02110-2211
(617) 371-1000

*Attorneys for Open Solutions Inc.*

Dated: December 30, 2004

## CERTIFICATE OF SERVICE

I, Daniel J. Cloherty, hereby certify that I caused a true copy of the above document to be served upon the attorneys of record for each other party by mail on December 30, 2004.

/s/   Daniel J. Cloherty
Daniel J. Cloherty